# The Germania Building Association, Garnishee of Veigel, *versus* Neill.

1. While a sheriff's sale on a mortgage divests its lien on the land covered thereby, and a purchase at such sale by the holder of a prior mortgage may operate to extinguish the lien of his prior mortgage on the land sold, and may prevent any further proceedings on the mortgage, yet it does not necessarily operate as a payment or extinguishment of the debt or bond which the mortgage was given to secure. Its effect depends on the agreement and intention of the parties.

2. V. held twenty-five shares in a building association from which he secured three loans, one of $2000 in 1875, one of $1000 in 1876 and another of $2000 in 1877. To secure the payment thereof he gave a bond and executed a mortgage for each loan, all the mortgages being on the same lands. He also transferred as collateral security his stock in said association, ten, five and ten shares on each loan respectively. While he stood in this relation to the society, N. obtained a judgment against V., and issued an attachment-execution thereon. V. becoming in arrears to the association, it issued a scire facias on the third mortgage and sold the land subject to the first two mortgages, the association becoming the purchaser. It was contended by the attaching creditor that all the bonds and mortgages which the association held were thereby extinguished and satisfied, and the stock should revert to V. *Held*, reversing the court below, that as it was manifestly not the intention of the parties that the stock should revert to V. before the loan was actually paid, the purchase by the association did not have that effect.

February 27th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county* : Of January Term 1880, No. 171.

Case stated, wherein William Neill was plaintiff and Jacob Veigel, defendant, and The Germania Building Association No. 3, garnishees.

The case as stated was, in substance, as follows :

That on the 26th of January 1878, the plaintiff obtained judgment against the defendant for $289.27; and on February 23d 1878, an attachment was issued upon this judgment against the Germania Building Association No. 3, and served the same day. That before and at the time of the service of the attachment on the garnishees, the defendant owned and held twenty-five shares of stock in garnishees' association, subject to the rights of the garnishees, as hereinafter stated.

That on or about the 18th of February 1875, the defendant, Veigel, received a loan of $2000, for which he had executed and delivered a bond and mortgage dated January 28th 1875, secured on two properties on the west side of American street above Columbia avenue; and on the 18th of February 1875, transferred ten shares of his stock to the association garnishees, as collateral security for said loan. That defendant about the 21st of November 1876, received another loan of $1000 from the association, for which he

[Germania Building Assoc. *v.* Neill.]

had executed and delivered another bond and mortgage, dated August 25th 1876, and secured upon the same two properties; and on the 21st of November 1876, transferred five shares of his stock as collateral security for said loan; and about the 3d of January 1877, another loan of $2000, for which he delivered another bond and mortgage, dated the 15th of November 1876, secured upon same properties and certain lots of ground on Tioga street; and on the said 3d of January 1877, defendant transferred ten shares of his stock to the association as collateral security for said loan.

That the defendant became six months in arrears with the payment of his interest and monthly dues, on the 4th of June 1878; whereupon the said association garnishees, on the 29th of June 1878, issued a sci. fa. on the third and last-mentioned mortgage, under and by virtue of which proceedings, the said premises were sold by the sheriff, subject to the said two prior mortgages of $2000 and $1000; and the garnishees became the purchasers thereof, subject to the two mortgages, which said sale realized to the garnishees the sum of $840.24, leaving still due and unpaid by the defendant on account of his said loan, the sum of $4159.76.

That in the month of December 1877, the withdrawal value of said twenty-five shares of stock was $1058.84, and the amount paid in by the defendant was $925.

If the court be of the opinion that by the sale of the said premises as aforesaid, and the purchase thereof by the garnishees, subject to the first and second mortgages, that the debts thereby secured became paid, merged and extinguished, or that the defendant became entitled to a re-assignment of the fifteen shares of stock assigned as collateral security for the loans on the first and second mortgages, then judgment to be entered against the garnishees and in favor of the plaintiff for the amount of his judgment and costs, otherwise judgment for the garnishees.

The court entered judgment in favor of plaintiff for $289,27, the amount of his original judgment against defendant. No opinion was filed. This action of the court in entering judgment for plaintiff was assigned for error by the association, which took this writ.

*J. P. Klinges* and *A. C. Selden,* for plaintiff in error.—A creditor cannot be compelled to give up his collateral unless the debt secured thereby is paid. He may hold an unlimited number of collaterals, and avail himself of any of them as long as his debt remains unpaid: Ayers *v.* Wattson, 7 P. F. Smith 364. The association could sue out either of their mortgages until they realized their whole claim: Taylor's Appeal, 3 W. N. C. 75. As a merger is for the benefit of him in whom the two interests unite it will never take place when it is against his interest, or where it is most to his interest to keep the charge alive: Wallace *v.* Blair, 1 Grant 75;

Doùgherty *v.* Jack, 5 Watts 456 ; Helmbold *v.* Man, 4 Whart. 410 ; Pierce *v.* Potter, 7 Watts 475 ; Moore *v.* Bank, 8 Id. 138.. Even if the two estates did merge it would only be an extinguishment of the one security and not a satisfaction of the bonds.

*Robert Ingram* and *Walter J. Budd*, for defendant in error.— The mortgages were certainly merged and satisfied, and the garnishees can have no claim upon Veigel's bonds for the payment of the mortgage-debts. They being the owners of the mortgages, and purchasing the property they became the owners of the fee and the equity of redemption. The mortgage-debts therefore necessarily became extinguished or satisfied : Brown *v.* Simpson, 2 Watts 233 ; Purviance *v.* Lemmon, 16 S. & R. 292 ; Koons *v.* Hartman, 7 Watts 20 ; Fluck *v.* Hagar, 1 P. F. Smith 459.

Mr. Justice MERCUR delivered the opinion of the court, May 3d 1880.

Veigel held twenty-five shares of stock in the building association. He made three loans from the association : one of $2000, in 1875 ; one of $1000, in 1876 ; and one of $2000, in 1877. To secure the payment thereof, he gave a bond and executed a mortgage for each loan, all the mortgages being on the same lands. He also transfered as collateral security some stock : that is, ten shares on his first loan, five shares on his second, and ten shares on his third loan.

While Veigel and the association sustained this relation towards each other, the defendant in error obtained a judgment against Veigel, and issued this attachment-execution thereon against the association. At that time the amount paid in by Veigel was $925, and the withdrawal value of the twenty-five shares was $1058.84.

It is very clear when the attachment was served the association had a right to hold all the stock, as well as the bonds and mortgages, to secure the payment of the loans. Veigel afterwards became six months in arrears in the payment of his interest and monthly dues ; the association issued a scire facias on the third mortgage, and by virtue of proceedings thereon the premises were sold by the sheriff, subject to the two prior mortgages, and the association became the purchaser thereof. It realized by the sale the sum of $840.24, leaving still due and unpaid by Veigel the sum of $4159.76.

The question now is whether this sale and purchase, as made, had the effect of causing the fifteen shares of stock to revert to Veigel. In other words, whether, by operation of law, all the bonds and mortgages which the association held against Veigel were so satisfied and extinguished that it had no right to retain the stock longer, and Veigel was entitled to a re-assignment.

[*Germania Building Assoc. v.* Neill.]

The learned judge, without filing any opinion, entered judgment on the case stated in favor of the attaching creditor.

There is not entire harmony and consistency between different parts of the case stated. Thus in one part it is expressly stated that after the sum realized by the association from the sheriff's sale, it left "still due and unpaid by the defendant (Veigel) on account of his said loans, the sum of $4159.76." In another part it submits to the court whether by the sale and purchase the debts secured by the first and second mortgages had not "thereby become paid, merged and extinguished."

While a sheriff's sale on a mortgage divests its lien on the land covered thereby, and while a purchase at such sale by the holder of a prior mortgage may operate to extinguish the lien of his prior mortgage on the land sold, and may prevent any further proceedings on the mortgage, yet it does not necessarily operate as a payment or extinguishment of the debt or bond which the mortgage was given to secure; its effect depends on the agreement and intention of the parties: Moore *v.* Harrisburg Bank, 8 Watts 138; Fleming *v.* Parry, 12 Harris 47. In the making of this loan the facts prove the parties thereto did not intend that the land mortgaged should be the only security. Further security was required and given. There was no agreement whereby the stock should revert to Veigel before the loan was actually paid. The manner of sale negatives all intention to give up any security held by the association. It is further shown that after the sheriff's sale, the sum remaining unpaid on the bond secured by the last mortgage, exceeds the value of the whole twenty-five shares of stock. The association claim to hold this stock, and that they have, in fact, applied it on the indebtedness thus due from Veigel. If the latter had brought suit to recover the value of this stock, while this last bond alone was outstanding against him, the association could have successfully defended. In view of the whole character of the transaction, and the admitted facts, we do not think the attaching creditor stands on any higher ground than Veigel occupied.

Judgment reversed, and judgment entered in favor of the plaintiff in error, according to the case stated.